UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

COLUMBIA GAS TRANSMISSION
CORPORATION,
           *Plaintiff-Appellant,*

v.                                          No. 01-1267

BURDETTE REALTY IMPROVEMENT,
INCORPORATED,
           *Defendant-Appellee.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Joseph Robert Goodwin, District Judge.
(CA-00-387-2)

Submitted: October 8, 2002

Decided: October 28, 2002

Before WILKINS AND MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

## COUNSEL

W. Henry Lawrence, Amy Marie Smith, STEPTOE & JOHNSON,
Clarksburg, West Virginia, for Appellant. Brian A. Glasser, Thomas
F. Basile, BAILEY & GLASSER, L.L.P., Charleston, West Virginia,
for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Columbia Gas Transmission Corporation ("Columbia") appeals the district court's order denying relief on his motion filed under Rule 60(b) of the Federal Rules of Civil Procedure. We vacate the district court's order and remand for consideration of the motion on the merits.

After the district court dismissed Columbia's complaint for lack of subject matter jurisdiction, Columbia timely noted an appeal. Subsequently, Columbia filed a Rule 60(b) motion, seeking relief from judgment for the purpose of moving to amend the complaint under Rule 15(a) of the Federal Rules of Civil Procedure. Believing that the notice of appeal divested it of jurisdiction to consider the Rule 60(b) motion, the district court denied the motion.

This court has declared that "when a Rule 60(b) motion is filed while a judgment is on appeal, the district court has jurisdiction to entertain the motion, and should do so promptly." *Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 891 (4th Cir. 1999). In *Fobian*, this Court instructed as to the following when a Rule 60(b) motion is filed after an appeal has been noted:

> [i]f the district court determines that the motion is meritless, as experience demonstrates is often the case, the court should deny the motion forthwith; any appeal from the denial can be consolidated with the appeal from the underlying order. If the district court is inclined to grant the motion, it should issue a short memorandum so stating. The movant can then request a limited remand from this court for that purpose. By saving judicial resources and avoiding expense and delay, this procedure accords with the overarching mandate in the Federal Rules of Civil Procedure that the rules

> "shall be construed to secure the just, speedy, and inexpen-
> sive determination of every action."

*Id.* at 891.

Accordingly, we vacate the district court's order denying the Rule 60(b) motion and remand for consideration of the motion on the merits. In so doing, we express no opinion as to the merits of the motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*